UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| H.L., a minor, by and through his guardian ad litem Maria Sigala, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF MCFARLAND, et al.,<br><br>　　　　　Defendants. | Case No. 1:22-cv-00106-DAD-BAK<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE AND DENYING MOTION FOR APPOINTMENT OF MARIA SIGALA AS GUARDIAN AD LITEM WITHOUT PREJUDICE<br><br>(ECF Nos. 14, 15.) |

On May 13, 2022, the Court issued an order directing Plaintiff Maria Sigala to file a motion to proceed as guardian ad litem for Plaintiff H.L. by no later than June 13, 2022. (ECF No. 9.) The deadline passed and Plaintiff failed to comply with the Court's order. Accordingly, on June 21, 2021, the Court issued an order requiring Plaintiff Sigala to show cause why this action should not be dismissed for failure to comply with the Court's orders. (ECF No. 14.) Plaintiff Sigala was permitted to comply with the order to show cause by responding in writing or by filing a motion for appointment of guardian ad litem. (*Id.*) On June 24, 2022, Plaintiff Sigala filed a motion requesting to be appointed as guardian ad litem for Plaintiff H.L. (ECF No. 16.)

In light of Plaintiff Sigala's motion, the Court will discharge the order to show cause. However, because the application does not comply with Local Rule 202, the Court will deny the application without prejudice and will set a deadline for Plaintiff Sigala to refile her motion.

## I.   LEGAL STANDARDS

Under Federal Rule of Civil Procedure 17(c)(2), "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). Local Rule 202 further states, in pertinent part:

> (a) **Appointment of Representative or Guardian.** Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or, (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person. See Fed. R. Civ. P. 17(c).
>
> . . .
>
> (c) **Disclosure of Attorney's Interest.**  When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

E.D. Cal. L.R. 202. The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." *United States v. 30.64 Acres of Land,* 795 F.2d 796, 804 9th Cir. 1986).

## II.   DISCUSSION

The motion states that Plaintiff H.L. is a minor and was born on April 4, 2005. (ECF No. 15.) Plaintiff Sigala is Plaintiff H.L.'s biological mother and legal guardian. (*Id.*) Appointment of a guardian ad litem is necessary because Plaintiff H.L. is under the age of eighteen and has filed a lawsuit alleging violation of the right to record police, unlawful arrest and seizure, unlawful search and seizure, use of excessive force, and other claims, arising from an encounter with police on January 21, 2021. (*Id.*) Plaintiff Sigala is fully competent and qualified to understand and protect Plaintiff H.L. and has no interests adverse to Plaintiff H.L. (*Id.*)

The application does not comply with Local Rule 202(c). Although Plaintiff H.L. has appeared through counsel in this matter, the application does not disclose the terms under which

the attorney was employed; whether the attorney became involved in the application at the insistence of the defendant, directly or indirectly; whether the attorney stands in any relationship to the defendant; and whether the attorney has received or expects to receive any compensation, from whom, and the amount. E.D. Cal. L.R. 202(c). The Court will therefore deny the application without prejudice to refiling an application that complies with Local Rule 202.

### III.     CONCLUSION AND ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The Court's June 21, 2022 order to show cause (ECF No. 14) is VACATED;
2. Plaintiff Maria Sigala's motion for appointment as guardian ad litem (ECF No. 15) is DENIED without prejudice; and
3. Plaintiff Maria Sigala is directed to file a motion for appointment as guardian ad litem that complies with Local Rule 202 within twenty-one (21) days of entry of this order. Failure to comply may result in the imposition of sanctions, including dismissal for failure to comply with a court order and/or failure to prosecute.

IT IS SO ORDERED.

Dated:  **July 20, 2022**              /s/ Erica P. Grosjean
                                                           UNITED STATES MAGISTRATE JUDGE