UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| H.L., a minor, by and through his guardian ad litem Maria Sigala, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF MCFARLAND, et al.,<br><br>Defendants. | Case No.  1:22-cv-00106-DAD-BAK (EPG)<br><br>ORDER GRANTING MOTION FOR APPOINTMENT OF MARIA SIGALA AS GUARDIAN AD LITEM<br><br>(ECF Nos. 19, 21) |

On July 29, 2022, Plaintiff Sigala filed a motion requesting to be appointed as guardian ad litem for Plaintiff H.L. (ECF No. 19). On August 2, 2022, the Court directed the Plaintiff to file a supplement addressing Local Rule 202(c). (ECF No. 20). Plaintiff filed a supplement on August 5, 2022. (ECF No. 21). Upon review, the Court will grant the motion for the reasons explained below.

**I.    LEGAL STANDARDS**

Under Federal Rule of Civil Procedure 17(c)(2), "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). Local Rule 202 further states, in pertinent part:

> (a) **Appointment of Representative or Guardian.** Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment

1

> of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or, (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person. See Fed. R. Civ. P. 17(c).
>
> . . .
>
> (c) **Disclosure of Attorney's Interest.**  When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

E.D. Cal. L.R. 202. The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." *United States v. 30.64 Acres of Land,* 795 F.2d 796, 804 9th Cir. 1986). Fit parents are presumed to act in the best interests of their children. *Troxel v. Granville*, 530 U.S. 57, 66 (2000); *Doe v. Heck*, 327 F.3d 492, 521 (7th Cir. 2003). Generally, there is no inherent conflict of interest when a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child. *Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001); *see also Brown v. Alexander*, 2015 WL 7350183 at *2 (N.D. Cal. Nov. 20, 2015) ("In general, a parent who is also a party to the lawsuit is presumed to be a suitable guardian ad litem, and so the court often appoints the parent as guardian ad litem upon receipt of an ex parte application without exercising much discretion.") (citation omitted).

## II.     DISCUSSION

The motion states that Plaintiff H.L. is a minor and was born on April 4, 2005. (ECF No. 19). Plaintiff Sigala is Plaintiff H.L.'s biological mother and legal guardian. Appointment of a guardian ad litem is necessary because Plaintiff H.L. is under the age of eighteen and has filed a lawsuit alleging violation of the right to record police, unlawful arrest and seizure, unlawful search and seizure, use of excessive force, and other claims, arising from an encounter with police on January 21, 2021. Plaintiff Sigala is fully competent and qualified to understand and protect Plaintiff H.L. and has no interests adverse to Plaintiff H.L. Lastly, counsel for Plaintiffs Sigala and H.L. was retained to represent Plaintiffs before the filing of this case, counsel did not become involved in the application at the instance of Defendants, counsel has no relationship with

Defendants, and counsel has not received any compensation.

In the supplement, Plaintiff Maria Sigala states that she "signed a retainer agreement with Plaintiff's counsel on behalf of her son, Minor H.L." which is based on "a contingency fee in the amount of 40% for minors after the filing of the complaint." (ECF No. 21, p. 2). Further, "Plaintiff's counsel expects to be compensated in this amount, as well as recover litigation costs advanced during the case, after a settlement or judgment is reached. If there is no recovery, there will be no attorney's fees due from Plaintiffs." (*Id.*).

Plaintiff H.L. is a minor and lacks capacity to sue under California law. Therefore, appointment of a guardian ad litem is necessary and appropriate. The motion complies with Local Rule 202(c)'s requirements for disclosure of the attorney's interests. There does not appear to be any conflict of interest between Plaintiff and the proposed guardian ad litem. Additionally, as Plaintiff H.L.'s mother, Plaintiff Sigala, is presumed to act in the minor Plaintiff's best interests and there is nothing to undermine that presumption. The Court will follow the general presumption and allow Plaintiff H.L's mother to act as guardian ad litem.

### III.   CONCLUSION AND ORDER

For the foregoing reasons, it is HEREBY ORDERED that Plaintiff Sigala's motion requesting to be appointed as guardian ad litem for Plaintiff H.L. (ECF No. 19, *see* ECF No. 21) is GRANTED. Plaintiff Sigala shall serve as guardian ad litem for Plaintiff H.L. in this action.

IT IS SO ORDERED.

Dated:   **August 8, 2022**                    /s/ *Erica P. Grosjean*
                                                                 UNITED STATES MAGISTRATE JUDGE