UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA SIGALA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF MCFARLAND, *et al.*<br><br>　　　　Defendants. | Case No. 1:22-cv-00106-ADA-CDB<br><br>ORDER DENYING WITHOUT PREJUDICE STIPULATION TO MODIFY SCHEDULING ORDER<br><br>(Doc. 38) |

Pending before the Court is the parties' second stipulation to modify the scheduling order. (Doc. 38). This is the second time in recent history the Court has been compelled to remind the parties that the Scheduling Order governing this case provides, among other things:

> The dates set in this order are firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation. <u>Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.</u>

(Doc. 27 at 6).

On June 26, 2023, the Court granted the parties' earlier request to extend expert discovery dates, but only after first denying the request due to the parties' failure to support it with the required declarations demonstrating good cause. (Docs. 35, 37). Once again, the parties rely on an unsworn stipulation to report that good cause for the requested extension purportedly exists because "[l]ong-scheduled, pre-paid vacations of both counsel and the parties' police practices

experts have combined to prohibit completion of the experts' depositions before September." (*Id.* at 2).

The parties' present stipulation fails to comply with the Scheduling Order's direction that requests to modify case management dates be supported by affidavit and/or declaration,

Separately, the Court questions why – if the basis for the pending request for extension is "long-scheduled" vacations – counsel and the expert witnesses' vacation plans were not investigated and considered in connection with the parties' recent request of the Court (June 16, 2023) to extend the same expert discovery dates. Contrary to the parties' characterization, this seems to be the antithesis of diligence and undermines any showing of good cause. (*See* Doc. 38 at 2) (citing *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002)).

Accordingly, the stipulated request to modify the scheduling order is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated:   **July 24, 2023**                              _____
                                                         UNITED STATES MAGISTRATE JUDGE