UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA SIGALA,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF MCFARLAND, *et al*.<br><br>        Defendants. | Case No. 1:22-cv-00106-ADA-CDB<br><br>ORDER ON STIPULATION MODIFYING EXPERT DISCOVERY SCHEDULE <u>AS AMENDED</u><br><br>(Doc. 38) |

      Pending before the Court is the parties' renewed stipulation requesting a second modification to the scheduling order to the extent of extending the expert discovery and dispositive motion filing and hearing dates. (Doc. 40). In support of the requested extension, Counsel for Plaintiff attests that, "due to the schedules of counsel and the experts and pre-paid vacations of both, depositions cannot be completed on or before August 25, 2023" (the current deadline for completing expert discovery). (Doc. 40-1 ¶ 7). According to the parties, the pre-paid vacations for both counsel and the expert witnesses have been "[l]ong-scheduled." (Doc. 40 p. 2).

      In September 2022, the parties requested the Court enter a scheduling order setting the close of expert discovery on August 4, 2023; the Court granted the parties' request. (Doc. 24 p. 8; Doc. 27). On June 16, 2023, the parties filed a stipulated request for a three-week extension of the time to complete expert discovery based on Counsel for Plaintiff's "inadvertent calendaring

1   issue." (Doc. 36 p. 2).  Counsel for Plaintiff attested the three-week extension would "give both

2   sides enough time to conduct expert depositions." (Doc. 36-1 ¶ 9).  The Court granted the

3   parties' request.  (Doc. 37).

4        Clearly, Counsel for Plaintiff was mistaken in representing to the Court one month ago

5   that a three-week extension of the time within which to complete expert discovery would provide

6   the parties enough time to conduct expert depositions. Moreover, in setting their "[l]ong-

7   scheduled" vacation plans, counsel for both parties seemingly failed to account for the Court's

8   scheduling order entered in September 2022 that set as the date for the close of expert discovery

9   the date the parties request.  Similarly, this date either was not communicated to or considered by

10  the parties' expert witnesses in setting their own "[l]ong-scheduled" vacation plans.

11       The Court previously denied the parties' pending request for discovery extension because

12  they failed to support their stipulation with the required attorney declaration; in its Order, the

13  Court questioned why – if the basis for the pending request for extension is "long-scheduled"

14  vacations – counsel and the expert witnesses' vacation plans were not investigated and considered

15  in connection with the parties' first request of the Court (June 16, 2023) to extend the same expert

16  discovery dates.  (Doc. 39).  Regrettably, the Court is left to speculate as to these reasons because

17  Counsel for Plaintiff declined to answer this question in his declaration.  Contrary to the parties'

18  characterization, this seems to be the antithesis of diligence and undermines any showing of good

19  cause.  (*See* Doc. 40 at 2) (citing *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080,

20  1087 (9th Cir. 2002)).

21       The parties' request to add two weeks to the dispositive motion filing and hearing dates

22  imposes inconvenience and burden on the Court to the extent of shortening its time to consider

23  and rule on dispositive motions before the scheduled pretrial conference (January 29, 2024).

24  Because the Court cannot find based on the representations of the parties that they have exercised

25  diligence, good cause does not exist for this aspect of their requested extension.

26       Accordingly, the stipulated request to modify the scheduling order is GRANTED IN

27  PART as follows:

28       1.     The time within which to complete expert discovery is extended from August 25,

2023, to October 2, 2023.

2. A joint statement identifying proposed settlement conference dates and related details consistent with the parameters set forth in the scheduling order (Doc. 27) shall be filed on or before August 11, 2023.

3. Dispositive motions, if any, shall be filed on or before October 16, 2023, as currently scheduled (Doc. 27).

4. The hearing, if any, on dispositive motions shall occur on November 27, 2023, in Courtroom 1 at 1:30 p.m. before the Honorable Ana de Alba, United States District Judge, as currently scheduled (Doc. 27).

IT IS SO ORDERED.

Dated: **July 25, 2023**

UNITED STATES MAGISTRATE JUDGE