UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA SIGALA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF MCFARLAND, *et al*.<br><br>　　　　　　Defendants. | Case No. 1:22-cv-00106-ADA-CDB<br><br>ORDER ON STIPULATION DENYING REQUEST TO MODIFY SCHEDULING ORDER<br><br>(Doc. 44) |

　　　　In September 2022, the Court entered a scheduling order adopting the parties' proposed case management dates. (Docs. 24, 27). During the course of discovery, the parties requested and the Court granted two extensions of the expert discovery deadlines. (Docs. 36, 40).

　　　　In its most recent order extending the time within which to complete expert discovery, the Court rejected the parties' request to extend the deadline for filing dispositive motions by two weeks. In relevant part, the Court explained that granting the parties' request would "impose[] inconvenience and burden on the Court to the extent of shortening its time to consider and rule on dispositive motions before the scheduled pretrial conference." *Id*. (Doc. 41 at 2).

　　　　Pending before the Court is the parties' third stipulated request to extend case management dates – specifically, the dates for dispositive motion filing and hearing, and the date for the pretrial conference – filed August 11, 2023. (Doc. 44). In support of the parties' request, counsel for Defendants attests that the requested extension is warranted "to permit the parties

enough time to engage in meaningful settlement negotiations" in light of their agreement to proceed to private mediation on October 11, 2023. *Id*.

While the Court is cognizant of and respects the parties' wishes to avoid incurring unnecessary costs and focus on settlement, the parties' instant request to continue deadlines suffers from the same deficiency that the Court identified in ruling on the parties' most recent request to expand the time to complete expert discovery. Specifically, under the parties' proposal, the briefing of any dispositive motions would be complete on December 26, 2023. The Court would then have just two weeks to review the parties' motions papers and prepare for the motion hearing. And thereafter, the Court would have just four weeks to issue rulings on the dispositive motions before convening the parties for the pretrial conference.

The parties' request for an extension of dispositive motion dates without in-kind extensions of the pretrial conference and trial dates unreasonably impacts the Court by shortening it's time to consider and resolve motions and prepare for trial. The Court is not amenable to granting extensions of time along the lines the parties propose without an in-kind extension of the pretrial conference and trial dates.

Accordingly, IT IS HEREBY ORDERED:

1. The stipulated request to modify the scheduling order (Doc. 44) is DENIED WITHOUT PREJUDICE; and
2. Any renewed, stipulated request for modification of the scheduling order SHALL BE FILED within seven days of entry of this order.

IT IS SO ORDERED.

Dated:   **August 25, 2023**                        _____
                                                    UNITED STATES MAGISTRATE JUDGE